### UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**SIMPSON WRIGHT**                                             **CIVIL ACTION**

**VERSUS**                                                     **NO.  08-4725**

**WARDEN, LYNN COOPER**                                        **SECTION "I"(4)**


### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.**    **Factual Background**

The petitioner, Simpson Wright ("Wright"), is an inmate incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  On July 24, 2003, Wright was charged by bill of information in Jefferson Parish with possession of cocaine.[3]

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 7/24/03.

The record reflects that, on February 6, 2003, Jefferson Parish Sheriff's Deputies Shane Klein, Sean Cursain, and Ronnie Voorhies were patrolling the 4200-4300 block of Airline Drive in an unmarked police unit.[4]  This was a high crime area known for prostitution and drug trafficking. The Officers observed a vehicle abruptly pull out of the Rainbow Motel, cut across three lanes of traffic, and make a U-turn without using a turn signal.

Deputy Klein initiated a traffic stop by activating his lights and siren, and the vehicle came to a stop shortly thereafter.  Deputy Klein approached the driver's side of the vehicle while Deputy Cursain went to the passenger's side.  Deputy Klein asked the driver, later identified as Wright, for his driver's license, proof of insurance, and registration.  Wright was the sole occupant of the vehicle.  He indicated that he did not have a driver's license, at which time the Officer asked him to get out of the vehicle.  The Officer told Wright to walk to the rear of the vehicle where Deputy Cursain was waiting.  Deputy Klein illuminated the inside of the vehicle with his flashlight, and he saw a cellophane wrapper containing two off-white rock-like objects on the console between the driver and passenger seat.

The Officers conducted a field test on the objects which tested positive for cocaine.  Wright was placed under arrest and advised of his rights.  Wright told the Officers that the vehicle belonged to a "lady friend," and he gave the Officers her name.  Deputy Cursain ran the vehicle's license plate through the computer and determined the vehicle was not stolen.  The license plate matched the vehicle owner to the name provided by Wright.  The vehicle was secured off the roadway where it remained for several days.

---

[4]*State v. Wright*, 920 So.2d 871, 873-874 (La. App. 5th Cir. 2005); St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 05-KA-477, pp. 3-4, 12/27/05.

Wright filed motions to suppress and to quash, and both motions were denied by the Trial Court at a hearing held on May 19, 2003.[5]  On June 16, 2003, the Trial Court called the matter for trial, and Wright failed to appear.[6]  The Court issued an attachment for Wright which was later rescinded.[7]

Wright was tried before a jury on March 23 and 24, 2004, and was found guilty as charged.[8] The Trial Court denied Wright's motion for a new trial on May 18, 2004.[9]  After waiver of legal delays, the Court also sentenced Wright to serve five years in prison and to pay a $3,000.00 fine plus court costs.  The State also filed a multiple bill that same day charging Wright as a fourth felony offender.[10]  The Court later denied Wright's motion seeking review and correction of his allegedly illegal sentence.[11]

At a hearing held on August 31, 2004, the Trial Court determined Wright to be a fourth felony offender and sentenced him to serve 30 years in prison, without benefit of parole, probation, or suspension of sentence.[12]  The Court also recommended that Wright receive treatment at the Blue Walters Drug Treatment Center while incarcerated.

---

[5]St. Rec. Vol 1 of 4, Minute Entry, 5/19/03; St. Rec. Vol. 3 of 4, Motion Hearing Transcript, 5/19/03.

[6]St. Rec. Vol. 1 of 4, Minute Entry, 6/16/03.

[7]*Id.*; St. Rec. Vol. 1 of 4, Recall of Attachment or Capias, 12/1/03.

[8]St. Rec. Vol. 1 of 4, Trial Minutes, 3/23/04; Trial Minutes, 3/24/04; Jury Verdict, 3/24/04; St. Rec. Vol. 3 of 4, Trial Transcript, 3/34/04.

[9]St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/18/04; Motion for New Trial, 5/18/04; St. Rec. Vol. 3 of 4, Sentencing Transcript, 5/18/04.

[10]*Id.*; St. Rec. Vol. 1 of 4, Multiple Bill, 5/18/04 (as amended 8/31/04).

[11]St. Rec. Vol. 1 of 4, Motion Seeking Review of an Illegal Sentence, 6/8/04; Trial Court Order, 6/24/04.

[12]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 8/31/04; St. Rec. Vol. 3 of 4, Multiple Bill Hearing Transcript, 8/31/04.

On direct appeal, Wright's counsel raised two assignments of error:[13] (1) the Trial Court erred in denying the motion for new trial; and (2) the Trial Court erred in imposing a 30 year sentence for possession of cocaine.  On December 27, 2005, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction and the sentence, as amended to reflect that Wright was entitled to the possibility of parole.[14]   The Court expressly found that the evidence was sufficient to support the conviction and to establish that Wright had constructive possession of the cocaine.  As a result, no new trial was warranted.  The Court also held that the sentence was not excessive.

On January 23, 2006, Wright submitted a writ application to the Louisiana Supreme Court in which he argued only that the Trial Court erred in denying the motion for new trial.[15]

In the meantime, on June 6, 2006, while the writ application was still pending before the Louisiana Supreme Court, Wright submitted an application for post-conviction relief to the Trial Court alleging that he was denied effective assistance of counsel.[16]  The Court denied the application as meritless on June 20, 2006.[17]   Wright did not seek review of this ruling.[18]

---

[13]St. Rec. Vol. 3 of 4, Appeal Brief, 2005-KA-0477, 5/19/05.

[14]*State v. Wright*, 920 So.2d at 878; St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 05-KA-477, p. 11, 12/27/05.

[15]St.  Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 06-KO-1141, 5/17/06 (postal metered1/25/06, dated 1/23/06); St. Rec. Vol. 1 of 4, La. S. Ct. Letter, 2006-KO-1141, 5/17/06.

[16]St. Rec. Vol. 1 of 4, Uniform Application for Post-Conviction Relief, 6/12/06 (dated 6/6/06).

[17]St. Rec. Vol. 1 of 4, Trial Court Order, 6/20/06.

[18]Wright did file, on July 16, 2007, a motion to stay pending the outcome of his appeal to the Louisiana Fifth Circuit.  St. Rec. Vol. 1 of 4, Motion to Stay Pending Appeal, 7/16/06 (dated 7/11/06).  The Trial Court denied the request on July 26, 2007.  St. Rec. Vol. 1 of 4, Trial Court Order, 7/26/07.

Thereafter, on February 16, 2007, the Louisiana Supreme Court denied Wright's post-appeal writ application without stated reasons.[19]  Wright's conviction became final 90 days later, on May 17, 2007, because he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

## II.    Post-Conviction Proceedings

In the meantime, Wright filed a motion to reconsider his sentence on March 19, 2007.[20]  The Trial Court denied the motion on March 22, 2007, as untimely pursuant to La. Code Crim. P. art. 881.[21]  That same day, the Court also denied Wright's motion for stay pending his appeal, since his appeal had already been resolved by the Circuit Court.[22]

On April 23, 2007, Wright filed his second application for post-conviction relief in which he raised three claims: (1) he was actually innocent of the charge; (2) he had newly discovered evidence that the arresting deputies were corrupt and violated the constitution; and (3) ineffective assistance of counsel.[23]  The Trial Court denied the application on April 30, 2007, as a prohibited second or successive application under La. Code Crim. P. art. 930.4(E).[24]

---

[19]*State v. Wright*, 949 So.2d 404 (La. 2007); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2006-KO-1141, 2/16/07.

[20]St. Rec. Vol. 2 of 4, Motion to Reconsider Sentence, 3/19/07.

[21]St. Rec. Vol. 2 of 4, Trial Court Order, 3/22/07.

[22]St. Rec. Vol. 2 of 4, Trial Court Order (2), 3/22/07; Motion to Stay Pending Appeal, 2/27/07.

[23]St. Rec. Vol. 2 of 4, Petition for Post-Conviction Relief, 4/23/07 (dated 4/17/07).

[24]St. Rec. Vol. 2 of 4, Trial Court Order, 4/30/07.

On June 28, 2007, the Louisiana Fifth Circuit granted Wright's writ application to that Court finding that the Trial Court should have reviewed the merits of his second application for post-conviction relief.[25]  The Court resolved that the first application filed on April 23, 2007, was premature under La. Code Crim. P. art. 924.1, and any ruling thereon by the Trial Court was a nullity.  The Court remanded the application to the Trial Court with instructions to consider the merits of the claims.

On June 29, 2007, the Trial Court issued an order in which it denied relief on the merits of Wright's ineffective assistance of counsel claim, appointed counsel, and scheduled a hearing to consider the first and second claims of actual innocence and new evidence.[26]  The Court scheduled an evidentiary hearing for July 19, 2007, which was continued to allow the State to file an opposition memorandum.[27]  The Memorandum was filed on August 17, 2007.[28]

On August 30, 2007, the Trial Court issued an order denying relief on his claims, and finding that Wright failed to meet his burden of proof.[29]  The Louisiana Fifth Circuit denied Wright's subsequent writ application on October 19, 2007, finding no error in the Trial Court's ruling and no

---

[25]St. Rec. Vol. 2 of 4, 5th Cir. Order, 07-KH-353, 6/28/07.

[26]St. Rec. Vol. 2 of 4, Trial Court Order, 6/29/07.

[27]St. Rec. Vol. 2 of 4, Minute Entry, 7/19/07.

[28]St. Rec. Vol. 2 of 4, State's Memorandum in Opposition, 8/17/07.

[29]St. Rec. Vol. 2 of 4, Trial Court Order, 8/30/07.

error in the Court's failure to hold an evidentiary hearing.[30]  The Louisiana Supreme Court also later denied without stated reasons Wright's application to that Court on September 18, 2008.[31]

In spite of the August 30, 2007, order and subsequent review, according to the record, the Trial Court held an evidentiary hearing on the application for post-conviction relief on October 29, 2007, and denied relief on Wright's remaining two claims of actual innocence and new evidence.[32] Wright thereafter sought review of that ruling from the Louisiana Fifth Circuit.[33]  The Court denied the application on January 10, 2008.[34]  Wright did not seek further review of this order.

Shortly thereafter, on January 18, 2008, Wright submitted a petition for a writ of habeas corpus to the Trial Court complaining that his sentence was illegal.[35]  The Trial Court construed the pleading as an application for post-conviction relief and denied it as repetitive pursuant to La. Code Crim. P. art. 930.4(D).[36]  He also filed a motion to stay pending appeal, which the Trial Court denied.[37]

On July 17, 2008, Wright filed a writ application with the Louisiana Supreme Court writ application seeking review of his previously filed post-conviction writ applications pursuant to *State*

---

[30]St. Rec. Vol. 2 of 4, 5th Cir. Order, 07-KH-747, 10/19/07.

[31]*State ex rel. Wright v. State*, 992 So.2d 956 (La. 2008); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2007-KH-2355, 9/19/08; La. S. Ct. Writ Application, 07-KH-2355, (postal metered 11/7/07, dated 11/6/07); St. Rec. Vol. 2 of 4, La. S. Ct. Letter, 2007-KH-2355, 12/5/07 (showing postal meter of 11/7/07).

[32]St. Rec. Vol. 2 of 4, Minute Entry, 10/29/07; Hearing Transcript, 10/29/07.

[33]The record does not contain a copy of this, or any, application from the Louisiana Fifth Circuit.  The filing date appears on the face of the Court's order.

[34]St. Rec. Vol. 2 of 4, 5th Cir. Order, 07-KH-1015, 1/10/08.

[35]St. Rec. Vol. 2 of 4, Petition for Writ of Habeas Corpus, 1/28/08 (dated 1/18/08).

[36]St. Rec. Vol. 2 of 4, Trial Court Order, 2/1/08.

[37]St. Rec. Vol. 2 of 4, Motion for Stay Pending Appeal, 1/28/08 (dated 1/18/08); Trial Court Order, 2/26/08.

v. *Cordero*, 993 So.2d 203 (La. 2008).[38]  The Court denied the application on January 30, 2009,

finding that he had not shown entitlement to relief under *Cordero*.[39]

While that was pending, on October 27, 2008, Wright also submitted to the Trial Court a

motion to vacate and set aside his sentence as illegal.[40]  The Trial Court again construed the motion

as one seeking post-conviction relief and found that review was barred as repetitive of relief already

sought.[41]  Wright did not seek further review of this order.

Wright also sought a writ of mandamus from the Louisiana Fifth Circuit to compel the Trial

Court to rule on his petition for a writ of mandamus.  The Court denied the application as moot on

November 19, 2008, finding that the Trial Court had already ruled on February 1, 2008.[42]

## III.   Federal Petition

On October 16, 2008, the Clerk of this Court filed Wright's petition for federal habeas corpus

relief, in which he raised four grounds for relief:[43] (1) the Trial Court erred in denying the motion

for new trial which was based on insufficiency of the evidence; (2) the Trial Court erred in imposing

a 30 year sentence; (3) he is actually innocent of the charges because of police corruption within the

---

[38]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 08-KH-1885, 8/7/08 (dated 7/17/08); St. Rec. Vol. 2 of 4, La. S. Ct. Letter, 2008-KH-1885, 8/7/08 (showing postal meter of 7/22/08).  In *Cordero*, the court addressed accusations by former Director of Central Staff Jerold B. Peterson, that during his tenure, the Louisiana Fifth Circuit issued summary dismissals without judicial review of pro se post-conviction writ applications filed in the Louisiana Fifth Circuit.

[39]*State ex rel. Wright v. State*, 999 So.2d 749 (La. 2009); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2008-KH-1885, 1/30/09.

[40]St. Rec. Vol. 2 of 4, Motion to Vacate and Set Aside Illegal Sentence, 10/31/08 (dated 10/27/08).

[41]St. Rec. Vol. 2 of 4, Trial Court Order, 11/7/08.

[42]St. Rec. Vol. 2 of 4, 5th Cir. Order, 08-KH-817, 11/19/08.

[43]Rec. Doc. No. 1.

Task Force that caused his arrest and on whose testimony he was convicted; and (4) he is entitled to a new trial based on newly discovered evidence that the arresting Officer's were corrupt.

The State filed a response in opposition to Wright's petition indicating that the petition is timely filed and that the claims have been exhausted in the state courts.[44]  The State also argues that Wright's claims lack merit, and his request for habeas relief should be denied.

Wright filed a reply to the State's opposition arguing that his conviction was based on insufficient evidence and that his sentence is illegal and needs to be corrected.[45]

## IV.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[46] applies to this petition, which is deemed filed in this court under the federal mailbox rule on October 6, 2008.[47]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[44]Rec. Doc. No. 9.

[45]Rec. Doc. No. 10.

[46]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[47]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Wright's federal habeas petition on October 28, 2008, when pauper status was granted.  Wright dated his signature appearing on the first petition and memorandum submitted to the Court on October 6, 2008.  This is presumed to be the earliest date on which he could have delivered the documents to prison officials for mailing.  In correcting his deficiencies, Wright submitted as second set of papers dated October 14, 2008.  Using either date, his petition is still timely.

and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

The State has not presented any procedural defenses to Wright's petition. In reviewing the procedural history of this matter, the Court finds that the petition is timely filed. The record also reflects that each of the claims has been adjudicated on the merits in the state courts for exhaustion purposes and none are in procedural default.

## V.   Standards of Review on the Merits

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *cf. Wright v. West*, 505 U.S. 277, 304 (1992). The court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *See e.g., Id.*, at 305; *see also Chambers v. Johnson*, 218 F.3d 360, 364 (5th Cir.), *cert. denied*, 531 U.S. 1002 (2000). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" (brackets in original) *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the

11

precedent to the facts of his case in an objectively unreasonable manner.  *Price*, 538 U.S. at 641

(quoting  *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

## VI.    Analysis

### A.    Sufficiency of the Evidence (Claim No. 1)

Wright contends that the Trial Court should have granted the motion for new trial because

the evidence was insufficient to convict him of possession of cocaine.  He argues that the State failed

to prove beyond a reasonable doubt that he was in possession of the cocaine, and no rational jury

could have convicted him.  The State argues that Wright's claim lacks merit and should be denied

or dismissed as meritless.  The State points out that Wright was the sole occupant of the vehicle and

that the drugs were in plain view and easily accessible to him, such that a rational trier of fact could

have found guilt beyond a reasonable doubt.

Wright first raised this claim on direct appeal to the Louisiana Fifth Circuit.  Relying on the

well-established standard in *Jackson v. Virginia*, 443 U.S. 307 (1979), and related state law, the

Court reviewed the evidence and testimony presented to the jury at trial.  The Court resolved that

as the driver and sole occupant of the car, the evidence was sufficient to establish that he was in

control of the drugs, had constructive possession of the drugs, and exhibited sufficient reactions to

establish that he had knowledge of its presence.  The Court therefore found sufficient evidence to

support the verdict and no basis for the Trial Court to grant a new trial.  This was the last reasoned

opinion on the issue.  *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court

judgment does not indicate whether it is based on procedural default or the merits of a federal claim,

the federal court will presume that the state court has relied upon the same grounds as the last

reasoned state court opinion).

Wright is not entitled to federal relief on his claim that the state courts' erred in denying his motion for new trial. Federal courts have held that a state court's denial of a motion for a new trial does not necessarily constitute a violation of a federal constitutional right. *Haygood v. Quarterman*, 239 Fed. Appx. 39, 42 (5th Cir. Jun. 14, 2007) (citing *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991)). A federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir.1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp.2d 655, 674 (S.D. Tex. 1999). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68; *see also Molo v. Johnson*, 207 F.3d 773, 776 n.9 (5th Cir . 2000) ("Federal habeas review does not extend to state court conclusions of state law."); *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas review). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law simply will not suffice. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Prieto v. Quarterman*, No. Civ. SA01CA11450G, 2006 WL 4059282, at *5 (W.D. Tex. Dec. 18, 2006), *aff'd*, No. 07-70001, 2008 WL 4218822 (5th Cir. Sep. 15, 2008).

For Wright's claim to proceed before this court, he must establish that the denial of his motion for a new trial violated some specific constitutional right. Construing his habeas petition broadly, it appears that Wright argues that the denial of his motion for a new trial violated due process, because the evidence was not sufficient to support the verdict. He also alleges that it was

not sufficient for the state trial court or the jury to base the verdict on circumstantial evidence rather than direct evidence of possession, which must be proven beyond a reasonable doubt.

The appropriate standard for determining the sufficiency of evidence is that set forth in *Jackson v. Virginia*, which was relied upon by the state appellate court on direct review. The *Jackson* standard requires the Court to determine whether, after viewing the entire record and the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Gilley v. Collins*, 968 F.2d 465, 467 (5th Cir. 1992); *Guzman v. Lensing*, 934 F.2d 80, 82 (5th Cir. 1991).

Review of the sufficiency of the evidence, however, does not include review of the weight of the evidence or the credibility of the witnesses because those determinations are the exclusive province of the jury. *United States v. Young*, 107 Fed. Appx. 442, 443 (5th Cir. 2004) (citing *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993); *see also Jackson*, 443 U.S. at 319 (noting that it is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). Thus, all credibility choices and conflicting inferences are to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). The reviewing court is not authorized to substitute its interpretation of the evidence for that of the fact-finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Claims of insufficient evidence present a mixed question of law and fact. *Maes v. Thomas*, 46 F.3d 979, 988 (10th Cir. 1995). The Court must therefore give deference to the state court's findings unless the decision was contrary to, or involved an unreasonable application of *Jackson*. *Gilley*, 968 F.2d at 467 (citing *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990)).

In Louisiana, to support a conviction for possession of cocaine, the State must prove that the defendant was in possession of a controlled dangerous substance and that he knowingly possessed it.  La. Rev. Stat. Ann. § 40:967(C).  Cocaine is a controlled dangerous substance classified in Schedule II.  La. Rev. Stat. Ann. 40:964, Schedule II(A)(4).

The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance.  *State v. Williams*, 802 So.2d 909, 914 (La. App. 5th Cir. 2001).  "Actual possession" means having an object in one's possession or on one's person in such a way as to have direct physical contact with and control of the object.  *State v. Walker*, 747 So.2d 133, 138 (La. App. 2d Cir. 1999).  A person not in physical possession of a drug may have constructive possession when the drug is under that person's dominion or control.  *State v. Reyes*, 726 So.2d 84, 88 (La. App. 5th Cir. 1998).  The Louisiana Supreme Court has indicated certain factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession which may include: (1) the defendant's knowledge that illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the defendant's access to the area where the drugs were found; 4) evidence of recent drug use by the defendant; (5) the existence of paraphernalia; and (6) evidence that the area was frequented by drug users.  *State v. Williams*, 735 So.2d 62, 69 (La. App. 5th Cir. 1999) (citing *State v. Appacrombie*, 616 So.2d 285, 288 (La. App. 2d Cir. 1993)).

The element of guilty knowledge under Louisiana law is a state of mind that need not be proven as facts, but may be inferred from the circumstances.  *State v. Smith*, 752 So.2d 314, 317 (La. App. 4th Cir. 2000); *State v. Reyes*, 726 So.2d at 88; *State v. Davies*, 350 So.2d 586, 588 (La. 1977).

The Louisiana Supreme Court denied relief without stated reasons, leaving this the last reasoned decision on the issue.  *Ylst*, 501 U.S. at 802.

At trial, the jury heard only the testimony of Officers Klein and Cursain.  The testimony indicated that the Officers, Klein, Cursain, and Voorhies saw Wright exit the motel parking lot and driving recklessly.[48]  Wright was stopped by the Officers while he was alone and driving a borrowed vehicle.[49]  After he seemed to be reaching into the backseat, Officer Klein told him to step out of the car and present his driver's license, registration, and proof of insurance.[50]  Wright did not have a driver's license, so he was asked to step to the back of the car, where Officer Cursain was standing.[51]

Upon peering into the car with a flashlight, Officer Klein saw the cocaine in plain view on the center console between the driver's seat and the passenger's seat.[52]  It was located right next to the stick shift where Wright could see it.  Wright was immediately placed under arrest and read his rights.[53]

The Officers further testified that Wright did not deny the presence of the drugs or profess a lack of knowledge that the drugs were present in the car.[54]  He was stopped by the Officers while coming out of a motel in an area known for drug trafficking.[55]  He was not cooperative with the

---

[48]St. Rec. Vol. 3 of 4, Trial Transcript, p.8 (Klein), p. 42 (Cursain), 3/24/04.

[49]*Id*., pp. 9-10 (Klein), pp. 43, 45 (Cursain).

[50]*Id*., pp. 9, 11 (Klein), p. 44 (Cursain).

[51]*Id*., p. 9 (Klein), p. 44 (Cursain).

[52]*Id*., p. 11 (Klein).

[53]*Id*., p. 11 (Klein), p. 46 (Cursain).

[54]*Id*., pp. 48, 91, 92, 93 (Cursain).

[55]*Id*., pp. 11, 30, 31, 38 (Klein).

Officers during the stop and questioning.[56]  Wright even refused to sign the traffic citations arising out of the stop.[57]

Based on the foregoing, the jury had before it evidence to show that Wright exercised "dominion and control" over the vehicle in which he was driving.  He was the sole occupant of the car and the cocaine was found next to the driver's seat on the center console in plain view.  Thus, the location of the drugs was within Wright's reach and his open view next to the car's stick shift. Furthermore, under Louisiana law, the fact that he did not own the car did not make a difference. His "dominion and control" of the vehicle was sufficient for the jury to find that he was nonetheless in constructive possession of the cocaine.  It was therefore reasonable for the jury to consider him in possession of the cocaine.

Furthermore, the jury had before it sufficient information regarding the circumstances of the arrest for them to find that Wright had guilty knowledge with regard to the presence of the cocaine in the car.  As noted above, the cocaine was on the console right next to Wright's seat and next to the gear shift that he had to use to drive the car.  The traffic stop occurred in an area known for drug trafficking and Wright was exiting the parking lot of one of the motels in which drug trafficking and other crimes regularly occur.  These factors support the jury's obvious conclusion that Wright had the requisite knowledge for a possession of cocaine conviction.

A review of the record supports the jury's finding that Wright was in possession of the cocaine found on the console of the car he was driving.  There was sufficient evidence to support the verdict and, therefore, no basis for the state court to have granted a motion for a new trial on that

---

[56]*Id.*, pp. 13, 34 (Klein), p. 83 (Cursain).

[57]*Id.*, p. 13 (Klein).

basis.  The state courts' denial of relief on this issue was not contrary to, or an unreasonable application of, federal law. Wright is not entitled to relief on these claims.

> ### B.    Excessive Sentence

Wright next contends that the sentence imposed for possession of cocaine was excessive. Specifically, he argues that the 30 year sentence as a fourth felony offender is excessive in light of the scant evidence against him.  Wright also argues that the sentence is tantamount to a life, or death, sentence for him for simple violation of a "traffic device," otherwise described as his turn signal.[58]

The State contends that this assignment of error lacks merit noting that Wright had prior felony convictions of simple robbery, possession of cocaine, and distribution of false drugs.[59]  The State further contends that Wright's sentence is not excessive compared to sentences imposed by Louisiana courts in similar cases.[60]  The State also argues that Wright's sentence is at the lower end of the statutory range and that it is not disproportionate to the offense.

The sole basis for Wright's claim is that his excessive sentence violates the Louisiana Constitution and other state law.  The United States Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" (internal quotation omitted) *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting *Estelle*, 502 U.S. at 67).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68.  Thus, to the extent Wright's claim is based on violation of state law, he is not entitled to relief in this federal court.

---

[58]Rec. Doc. No. 1-1, p. 18.

[59]Rec. Doc. No. 9, p. 18.

[60]*Id.*, p. 20.

Considering the claim under federal law, he also has failed to present a basis for relief. Federal courts accord broad discretion to a state trial court's sentencing decision which falls within the statutory limits. *Haynes v. Butler*, 825 F. 2d 921, 923-24 (5th Cir. 1987); *Turner v. Cain*, 199 F.3d 437 (5th Cir. 1999) (unpublished) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence). If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is grossly disproportionate to the gravity of the offense. *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Solem v. Helm*, 463 U.S. 277 (1983).

"[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions. *Smallwood v. Johnson*, 73 F.3d 1343, 1346-47 (5th Cir. 1996); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). When a habeas petitioner has been sentenced under a habitual offender statute, a federal court must consider "the seriousness of his most recent offense, not as it stands alone, but in the light of his prior offenses." *McGruder*, 954 F. 2d at 316.

The United States Supreme Court has stated that "the Eighth Amendment does not require strict proportionality between crime and sentence. Instead, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California*, 528 U.S. 11, 23 (2003) (*quoting Harmelin*, 501 U.S. at 1001 (Kennedy J., concurring in part and concurring in judgment)). The Supreme Court has recognized that only the rare case will reach the level of gross disproportionality. *Id.*, 538 U.S. at 30. As noted above, that disproportionality is judged by whether similar sentences have been imposed for the same offense. *Smallwood*, 73 F.3d at 1346-47.

Wright was convicted of possession of cocaine.  Under Louisiana law, the crime carried with it a sentencing range of not more than five years, with or without hard labor, and a possible fine of not more than $5,000.00.  La. Rev. Stat. Ann. § 40:957(C).  The state trial court also determined that Wright was a fourth offender based on the State's multiple bill.  At the time of Wright's conviction, La. Rev. Stat. Ann. § 15:529.1 provided in relevant part the following sentencing scheme relative to a fourth felony offender like Wright:

> A.(1)Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
>
> . . .
>
> (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
> (i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;
> (ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:1540 et seq. when the victim is under the age of eighteen at the time of the commission of the offense, or as a violation of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

In this case, Wright was convicted of his fourth offense of possession of cocaine.  This was a violation of the Louisiana's Uniform Controlled Dangerous Substances Law at La. Rev. Stat. Ann. § 40:967 and punishable for not more than five years.  He had one prior conviction for possession

of cocaine in 1990, one conviction for distribution of false drugs in 1995, and another conviction for simple robbery in 1992.

Based on the habitual offender law quoted above, Wright faced a sentence of no less than 20 years and no more than his natural life.  The Trial Court imposed a 30 year sentence without parole, probation or suspension of sentence.  The Court indicated its decision to be based in part on the fact that one of Wright's prior convictions, simple robbery, was a crime of violence.  The sentence imposed was well within the applicable range.

In addition, as to proportionality, the Louisiana Courts routinely sentence defendants as fourth offenders to serve sentences of 30 years or more.  *State v. Davidson*, 32 So.3d 290 (La. App. 2d Cir. 2010) (fourth offender sentenced to 40 years and $10,000 fine for possession of cocaine with three prior convictions for possession of drugs with intent to distribute); *State v. Bozeman*, 6 So.3d 899 (La. App. 1st Cir. 2009) (fourth offender sentenced to 30 years for possession of cocaine); *State v. Lemon*, 3 So.3d 20 (La. App. 5th Cir. 2008) (fourth offender sentenced to 35 years for possession of cocaine with prior convictions including possession of cocaine and aggravated battery); *State v. Jordan*, No. 2010KA0015, 2010 WL 2522204, at *1 (La. App. 1st Cir. Jun. 23, 2010) (fourth offender sentenced to 43 years for possession of cocaine with two prior convictions for possession of cocaine, and prior convictions for possession with intent to distribute marijuana and attempted murder); *State v. Williamson*, No. 2007KA1092, 2007 WL 3229475, at *1 (La. App. 1st Cir. Nov. 1, 2007) (fourth offender sentenced to 38 years for possession of cocaine with prior convictions including two possessions of cocaine, distribution of cocaine, and armed robbery).

For the reasons discussed above, Wright's sentence is not disproportionate or unconstitutionally excessive under federal law.  Wright attempts to recast the nature of his arrest as

a simple traffic stop rather than the more serious crime of possession of a controlled dangerous substance.  The actual charge, and the evidence presented at trial, clearly indicated otherwise.  Because it is clear that the sentence imposed in the instant case is not grossly disproportionate and rather is in the lower end of the enhanced range, he has failed to state a violation of federal law.[61]

The state courts' denial of relief on this issue is neither contrary to, or an unreasonable application of, federal law.  He is not entitled to relief on this claim.

### C.    Actual Innocence (Claim 3) and Newly Discovered Evidence of Police Corruption (Claim 4)

In his next two claims, Wright asserts that, after his conviction, he discovered new evidence of police corruption in Jefferson Parish which proves that he is actually innocent.  He complains that the three Officers who testified against him later were the subjects of an investigation regarding the use of illegal drugs within the Jefferson Parish Sheriff's Office.  Under a broad reading of the petition, he asserts that this new evidence of corruption in the drug unit entitles him to a new trial so that it can be used to challenge the credibility of the Officers.

Wright raised these claims in his application for post conviction relief in the Trial Court.  The Trial Court denied relief, twice.  Once on August 30, 2007, and once on October 29, 2007.  In the written opinion, the Court determined that Wright failed to meet his burden of entitlement to relief and that his claims were factually baseless, in light of the affidavits and arguments by the State.  The Louisiana Fifth Circuit and the Louisiana Supreme Court offered no additional reasons in denying Wright's writ applications filed after the August 30, 2007 ruling.  *Ylst*.  The Louisiana Fifth Circuit

---

[61]Moreover, the Court notes that it is unmoved by petitioner's attempt to diminish the seriousness of his offenses.

denied Wright's writ application after the October 29, 2007, ruling finding no error by the Trial Court, and Wright did not seek further review of that order.[62]

It is well settled that claims of "'actual innocence are not cognizable on federal habeas review.'" *Bower v. Dretke*, 145 Fed. Appx. 879, 884 (5th Cir. 2005) (*quoting Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003)). An actual innocence claim predicated on newly discovered evidence, like that presented by Wright, has "'never been held to state a ground for federal relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" *Dowthitt v. Johnson*, 230 F.3d 733, 742 (5th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the United States Constitution and not to correct errors of fact. *Herrera v. Collins*, 954 F.2d 1029, 1034 (5th Cir. 1992) (quoting *Townsend v. Sain*, 372 U.S. 293, 317 (1963)), *aff'd*, 506 U.S. 390 (1993). In addressing the *Herrera* case, the United States Supreme Court restated the premise that "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera,* 506 U.S. at 404. The Court has "never held that [the fundamental miscarriage of justice exception] extends to freestanding of actual innocence." *Id.,* at 405.

The Fifth Circuit also has recognized the "properly limited role" that a federal habeas court plays when the constitutionality of a state court conviction is questioned. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). "A federal habeas court asks *only* whether a constitutional

---

[62]In spite of the unusual procedural posturing of the Trial Court, the Court finds that Wright exhausted his available remedies after the August 30, 2007 ruling and that it was not necessary for him to do so again.

violation infected the trial." *Id.* (emphasis added) (citing *Herrera* ).  The Court also reemphasized this limited role in *Bryant v. Scott,* 28 F.3d 1411, 1420 n. 14 (5th Cir. 1994), in which the petitioner argued that the district court erred in refusing to grant relief on the basis of his actual innocence claim.  In discussing the claim, the Court relied on the *Herrera* holding that claims of actual innocence based on newly discovered evidence are not cognizable under federal habeas corpus.  *Id.* (quoting *Herrera,* 954 F.2d at 1034; *Herrera,* 506 U.S. at 400).  The Court summarily held that Bryant's actual innocence claim therefore was without merit.

Wright does not allege actual innocence in a procedural context that can be considered by this Court.  Rather, he claims that an investigation into the Jefferson Parish Sheriff's Office revealed that the three police Officers who testified against him may have been drug users, a claim the state trial court found to be factually baseless.  He also asserts that had the jury been made aware of their corruption they would have disbelieved their testimony, and he would have been acquitted.  Wright, however, fails to present any evidence that these Officers were involved in any criminal activity or that they were subjects of the investigation to which he refers.

Further, when this issue was considered on state post-conviction review, the Officers submitted affidavits denying any illegal drug use, and the Commander of the Narcotics division also indicated that, while he was involved in such an investigation, that he did not find any evidence that these three Officers were involved in illegal drug use.  The Trial Court resolved that Wright's claims were factually baseless.  Such a finding deserves this Court's deference on habeas review.

Because Wright presents a free-standing claim of actual innocence based on the corruption investigation, there is nothing more for this Court to consider on habeas review.  Wright is not

entitled to habeas corpus relief on these claims of actual innocence based on insufficient and/or new evidence.

## VII.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Simpson Wright's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[63]

New Orleans, Louisiana, this 14th day of February, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[63]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.